# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY PENRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-15-1

Before DAVIS, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Corey Penro pleaded guilty to a misdemeanor information charging him with possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2), (b)(4). The magistrate judge, presiding with Penro's consent, *see* 28 U.S.C. § 636(a)(5), sentenced Penro to a within-guidelines sentence of six and a half months. Penro filed a timely notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60288

Penro argues that his within-guidelines sentence is substantively unreasonable and inconsistent with the sentencing goals of 18 U.S.C. § 3553(a). He argues that the magistrate judge should have given significant weight to the fact that Penro had already been disciplined by the Bureau of Prisons (BOP) for possessing a cell phone in prison. This court considers the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the magistrate judge heard defense counsel's mitigation argument regarding the disciplinary measures already taken by the BOP in response to Penro's possession of contraband. The magistrate judge explained that a sentence of eight months, which was at the top of the guidelines range, was still warranted, despite any punishment that the BOP imposed, given Penro's "significant prior criminal history" and the seriousness of "having contraband in [] prison" and the need to deter such conduct. He then agreed to reduce its sentence to six and a half months to give Penro credit for the time he spent in the county jail awaiting disposition of his case. Penro's argument that his sentence is unreasonable represents a mere disagreement with his sentence and the magistrate judge's balancing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment is AFFIRMED.